■ NICHOLAS ZAFFIRIS et al., Appellants, v WILLIAM O'LOUGHLIN et al., Defendants, and MERRILL-LYNCH REALTY et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered May 24, 1990, as, upon granting the motion of the defendants Merrill-Lynch Realty and Carl Burr for summary judgment, dismissed the complaint insofar as it is asserted against them.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff Joan Zaffiris was injured when viewing a house with an agent of the defendants Merrill-Lynch Realty and Carl Burr. The flooring in the attic of the house consisted of a plywood platform, 4 feet wide by 16 feet long, just inside of the door. The remainder of the attic floor was completely unfinished and consisted of beams between which there was three inches of yellow insulation covered by six inches of pink insulation. Upon entering the attic, the agent took a few steps forward and to the right. Joan Zaffiris was right behind her. They were discussing the condition of the electrical wiring and looking up at the ceiling when the injured plaintiff took a few steps to the left off the plywood platform, and fell through the insulation to the floor below. As a result of her fall, Joan Zaffiris suffered from, among other things, a fractured knee-cap.

Since there is no duty to warn against a condition that can be readily observed by a reasonable use of one's senses *(see, Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665), Joan Zaffiris's contention that the agent should have warned her of the condition of the attic floor is without merit. The injured plaintiff arrived at the house with the agent at approximately 3:30 in the afternoon. The attic was illuminated by seven windows, none of which were covered, and a 100-watt light bulb above the plywood platform. Thus, the contour of the plywood platform as well as the beams and the pink insulation between them should have been readily observed by Joan Zaffiris. Moreover, Joan Zaffiris was warned by the

owner of the house to be careful because the attic floor was unfinished.

We have considered the plaintiffs' remaining contention and find that it does not warrant reversal. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.