■ PHYLLIS FOWLE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 77413.)—In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lengyel, J.), dated August 27, 1990, which, after a nonjury trial on the issue of liability only, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimants contend that the trial court's finding that the State had not had constructive notice of the defective condi-

tion of a twin tulip tree—a portion of which fell on the claimants' vehicle as they drove on the Saw Mill River Parkway—was unsupportable. We disagree. While the State has a duty to maintain its highways and their adjacent areas in a reasonably safe condition for the benefit of travelers *(Friedman v State of New York,* 67 NY2d 271, 283; *Carroll v State of New York,* 157 AD2d 697, 698; *Rinaldi v State of New York,* 49 AD2d 361, 363), no liability will attach by reason of a dangerous condition located thereon which causes injury unless it is established that the State had actual or constructive notice of the condition, and thereafter failed to take reasonable measures to correct the condition *(see, e.g., Pesce v City of New York,* 147 AD2d 537, 538-539). In order to constitute constructive notice, " 'a dangerous condition *must have been visible and apparent* and must have existed for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it' " *(Ferris v County of Suffolk,* 174 AD2d 70, 75; *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 357, *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.,* 79 NY2d 1031).

The record indicates that the twin tulip tree involved in this case was situated approximately 28 feet from the westernmost edge of the southbound lanes of the Saw Mill River Parkway, on an embankment of 8 to 10 feet in height. It was uncontested at the trial that the tree was plainly visible from the parkway. However, contrary to the claimants' contention, the fact that this tree was a "double leader tree"—one in which two trunks grow from a common base—was insufficient, in and of itself, to render that tree inherently hazardous such that the State would be charged with notice of a dangerous condition. Indeed, the trial evidence established that, from the parkway, the tree appeared to be healthy, notwithstanding its peculiar, although not unique, structure. Only a close inspection could have revealed that the core of the twin tulip tree was decayed, rotted, and infested with carpenter ants. However, the claimants failed to establish that the State's inspection procedures as to trees adjacent to the Saw Mill River Parkway—which included viewing the trees while driving past them, and looking for apparent defects (e.g., dead or decayed trees; trees leaning precariously toward the parkway; or storm-damaged or uprooted trees)—were unreasonable or departed from the standard of reasonable care *(see, Harris v Village of E. Hills,* 41 NY2d 446; *Siegel v State of New York,* 56 Misc 2d 918, 923).

We have examined the claimants' remaining contentions, consisting of challenges to evidentiary rulings, and find that none of the alleged errors is of sufficient magnitude to warrant a new trial *(see, Rogan v Federated Dept. Stores,* 141 AD2d 522; *Cotter v Mercedes-Benz Manhattan,* 108 AD2d 173; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.