■ EUGENIO PEREZ, Respondent, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, Appellant. [636 NYS2d 851] —In an action to recover damages for personal injuries, the defendant

appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated November 7, 1994, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's Labor Law § 200 (common law negligence) cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240 cause of action. The plaintiff's task of installing an air conditioner on the roof of a building falls under the protection of Labor Law § 240 (see, Izrailev v Ficarra Furniture, 70 NY2d 813; Kinsler v Lu-Four Assocs., 215 AD2d 631; Vessio v Ador Converting & Biasing, 215 AD2d 648; Buckley v Radovich, 211 AD2d 652).

However, the plaintiff's Labor Law § 200 (common law negligence) cause of action should have been dismissed. There was no showing that a dangerous or defective condition on the property was a proximate cause of the plaintiff's injuries. Moreover, there is no duty to protect against defects or dangers which are readily observable (see, Gasper v Ford Motor Co., 13 NY2d 104, 110; Brezinski v Olympia & York Water St. Co., 218 AD2d 633; Zaffiris v O'Loughlin, 184 AD2d 696; Stephens v Tucker, 184 AD2d 828).

The parties' remaining contentions are without merit. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.