■ JAMES BELLOFATTO, Respondent, v JOHN FRENGS et al., Defendants and Third-Party Plaintiffs-Appellants. BARBARA GAREMORE, Doing Business as TRICO, Third-Party Defendant-Appellant. [668 NYS2d 210] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated May 12, 1997, as denied their cross motion for summary judgment dismissing the complaint, and the third-party defendant appeals from so much of the same order as denied her motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff, the motions are granted, and the complaint and the third-party complaint are dismissed.

The plaintiff was a laborer employed by the third-party defendant to work on the home of the defendants third-party plaintiffs, John and Holly Frengs. The plaintiff's job required him to make several trips to the basement of that home, which had a low ceiling from which hung a cast-iron pipe. The plaintiff admitted that the basement was illuminated by at least two light bulbs, as well as by a certain amount of daylight. During his third day on the job, the plaintiff struck his head on the protruding pipe, and sued the homeowners for his result-

ing head and neck injuries, alleging that they had been negligent in failing to warn him of the dangerous condition posed by the existence of the pipe.

On these facts, summary judgment should have been granted to the defendants and the third-party defendant. There is no duty to warn against a condition that the plaintiff had seen before, was in plain view, and could easily have been observed by the plaintiff through the reasonable use of his senses (*see, e.g., Moran v County of Dutchess,* 237 AD2d 266; *Perez v New York City Indus. Dev. Agency,* 223 AD2d 628; *Zaffiris v O'Loughlin,* 184 AD2d 696). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.