■ FREDERICK BOEHME et al., Appellants, v EDGAR FABRICS, Respondent. [669 NYS2d 648] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 9, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. While on a service call to repair the defendant's burglar alarm, the plaintiff Frederick Boehme allegedly sustained personal injuries when he slipped after stepping on a stack of flattened cardboard cartons lying on the floor of the defendant's warehouse. Although the plaintiffs alleged that the dangerous condition which caused the injured plaintiff to trip and fall in the defendant's warehouse "consisted of a piece of cardboard on top of rollers on the floor", at his examination before trial the injured plaintiff testified that he "just assumed" that there was a roller under the cardboard. Therefore, the Supreme Court correctly rejected this allegation as mere speculation (*see, Dapp v Larson,* 240 AD2d 918; *Leary v North Shore Univ. Hosp.,* 218 AD2d 686).

Regarding the plaintiffs' assertion that the cardboard itself was a dangerous condition, the defendant had no duty to warn the injured plaintiff of a condition that he had not only seen before, but which was in plain view and could easily have been observed by him by the reasonable use of his senses (*see, Moran v County of Dutchess,* 237 AD2d 266; *Perez v New York City Indus. Dev. Agency,* 223 AD2d 628; *Zaffiris v O'Loughlin,* 184 AD2d 696). In fact, the injured plaintiff testified that he had actually seen the stack of cardboard cartons on which he stepped and that he purposely stepped on them. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.