■ JUDITH A. C. GUIDO et al., Respondents, v STATE OF NEW YORK, Appellant. [670 NYS2d 524] —In a claim to recover damages for personal injuries, the defendant State of New York appeals from an interlocutory judgment of the Court of Claims (Rossetti, J.), dated January 27, 1997, which, after a nonjury trial, was in favor of the plaintiffs and against it on the issue of liability, and dismissed the counterclaim.

Ordered that the interlocutory judgment is affirmed, with costs.

It is well settled that the State has a duty to maintain its roadways in a reasonably safe condition and that such duty extends to trees adjacent to a road which could reasonably be expected to pose danger to travelers (see, Fowle v State of New York, 187 AD2d 698; Rinaldi v State of New York, 49 AD2d 361; Black v State of New York, 170 Misc 2d 723). Liability, however, will not attach unless the State had actual or constructive notice of a dangerous condition posed by such a roadside tree (see, Harris v Village of E. Hills, 41 NY2d 446; Fowle v State of New York, supra).

In the instant matter there is ample evidence in the record supporting the court's conclusion that the subject tree was leafless and hanging precariously over the highway in the months before it fell on top of the claimants' car (see, Edgett v State of New York, 7 AD2d 570; Black v State of New York, supra). Indeed, the roadway in the vicinity of this tree was photographed as part of a routine State inspection several months before the tree fell, and the tree's deteriorated condition was evident from the photograph. Accordingly, inasmuch as the State at least had constructive notice of the danger posed by this tree, the Court of Claims' finding of liability need not be disturbed (see, Harris v Village of E. Hills, supra; Rinaldi v State of New York, supra).

The State's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.