■ ROBERT HARRISON et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. (And a Third-Party Action.) [670 NYS2d 527] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated November 29, 1996, as granted those branches of the separate motions of the defendant E. Patti & Sons, Inc., the defendant D.F. Masons, Inc., and the defendants City of New York, HRH Construction

Corporation, New York City Health and Hospitals Corporation, and Elmhurst General Hospital, which were for summary judgment dismissing the second cause of action based on Labor Law § 240 (1), § 241 (6), and § 200, (2) the defendant E. Patti & Sons, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it, and (3) the defendants City of New York and HRH Construction Corporation cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as cross-appealed from, and those branches of the respective motions of the defendant City of New York and HRH Construction Corporation, and the defendant E. Patti & Sons, Inc., which were for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as against them are granted, the complaint insofar as asserted against those defendants is dismissed, and the action is severed as against the remaining defendant; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents-appellants appearing separately and filing separate briefs are awarded one bill of costs payable by the appellants-respondents.

The plaintiff Robert Harrison was injured while inspecting an area to evaluate the feasibility of a hoist for the defendant D.F. Masons, Inc. (hereinafter Masons). The injured plaintiff fell from a ladder provided to him by Masons that was propped up against steel beams which had been sprayed with a slippery fireproofing substance by the defendant E. Patti & Sons, Inc. The injured plaintiff alleged, *inter alia*, that the slippery surface caused the ladder to slip which resulted in his falling to the ground and sustaining injuries.

The Supreme Court properly dismissed the cause of action under Labor Law § 240 (1), § 241 (6), and § 200, as the injured plaintiff was neither employed at the site nor a person lawfully frequenting the premises within the meaning of the Labor Law. The injured plaintiff's firm had not been hired by any contractor, owner, or agent to perform work on the site but instead, was merely acting as a volunteer on the site to look at the subject area and evaluate whether a hoist was possible (*see,*

*Gibson v Worthington Div.,* 78 NY2d 1108; *Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573).

Contrary to the plaintiffs' contention, the defendants had no duty to warn the injured plaintiff about the slippery condition of the steel beams and thus cannot be held liable in common-law negligence. The record supports the conclusion that the injured plaintiff placed the ladder against the steel knowing that it was covered with a fireproofing substance that had become "creamy and slimy" due to rainfall (*see, Zaffiris v O'Loughlin,* 184 AD2d 696; *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665). Thompson, J. P., Joy, Friedmann and Luciano, JJ., concur.