■ Jo A. W. LEACH et al., Appellants, v TOWN OF YORK-TOWN, Respondent, and JOHN C. SITES et al., Appellants. [676 NYS2d 209] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated June 26, 1997, as granted that branch of the motion of the defendant Town of Yorktown which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendants John C. Sites, B. Giles Brophy, and Stanley Cheslock appeal, as limited by their brief, from (a) so much of the order dated June 26, 1997, as granted that branch of the motion of the defendant Town of Yorktown which was for summary judgment dismissing the counterclaims asserted against it, and (b) so much of an order of the same court, dated January 16, 1998, as denied that branch of their motion which was, in effect, for reargument.

Ordered that the appeal from the order dated January 16, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 26, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Jo Ann W. Leach was injured when the trunk of a tree, which had been trimmed of its branches, fell across a road and struck her vehicle. The plaintiffs subsequently commenced this action against, *inter alia*, the Town of Yorktown (hereinafter the Town), contending that it had negligently permitted a decayed and rotted tree to remain adjacent to the roadway, posing a danger to motorists. The Supreme Court granted summary judgment to the Town, and we affirm.

Although the duty of a municipality to maintain its roadways in a reasonably safe condition extends to trees which are adjacent to the road and which could reasonably be expected to pose a danger to travellers (*see, Guido v State of New York,* 248 AD2d 592; *Fowle v State of New York,* 187 AD2d 698), liability

will not attach unless the municipality had actual or constructive notice that a danger was posed by such a tree (*see, Harris v Village of E. Hills,* 41 NY2d 446; *Fowle v State of New York, supra*). Here, the record reveals that a Town employee inspected the limbless tree trunk after the accident, and found it to be hollow in the center. However, contrary to the appellants' contentions, there is no evidence that the tree trunk showed any visible, outward signs of decay prior to the accident. Accordingly, the Supreme Court properly concluded that the Town did not have constructive notice of the condition of the tree prior to the accident (*see, Fowle v State of New York, supra*). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.