■ JANE MATTI, Respondent, v TEMCO SERVICE INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Respondent, and K. SECURITY GUARD CORPORATION, Defendant and Third-Party Plaintiff-Appellant. NEWSDAY, Third-Party Defendant-Respondent. [676 NYS2d 615] —In an action to recover damages

for personal injuries, the defendant second third-party plaintiff, K. Security Guard Corporation, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated June 27, 1997, as denied its cross motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of K. Security Guard Corporation is granted, the complaint and all cross claims and counterclaims insofar as asserted against it are dismissed, and the action against the remaining defendant and first and second third-party defendant is severed.

The plaintiff was injured when she tripped and fell over a rug runner as she exited the offices of her employer, Newsday. The plaintiff brought this action, *inter alia,* to recover damages from K. Security Guard Corporation (hereinafter K. Security), the security guard company employed by Newsday to secure and protect the premises, on the ground that the security guard was obligated to report the condition of the rug.

There was no common law duty on the part of K. Security to protect the plaintiff from a "slip and fall" as it was not the owner of the premises and the plaintiff did not create an issue of fact as to control (*Vogel v West Mtn. Corp.,* 97 AD2d 46). While K. Security admitted that a guard would be trained to report a dangerous or defective condition to the proper person, this did not create a duty to inspect the area (*see, Gluck v Pinkerton N. Y. Racing Sec. Serv.,* 96 AD2d 548). In addition, the plaintiff did not establish that K. Security assumed a duty to her (*see, Heard v City of New York,* 82 NY2d 66). Moreover, the plaintiff failed to establish that she was a third-party beneficiary of the security contract between K. Security and Newsday (*see, O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325). Accordingly, K. Security was entitled to summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.