■ ALFREDO D. PANETTA et al., Respondents, v PARAMOUNT COMMUNICATIONS, INC., et al., Appellants. [681 NYS2d 85] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated March 19, 1998, as denied those branches of their motion which were for summary judgment dismissing the plaintiffs' causes of action under Labor Law §§ 200 and 241 (6) and common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted in its entirety, and the complaint is dismissed.

The plaintiff's cause of action pursuant to Labor Law § 241 (6) should have been dismissed because the plaintiffs failed to plead any violation of a specific, concrete safety provision of the Industrial Code (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Lillis v City of New York,* 226 AD2d 592). Moreover, those provisions of the Industrial Code cited by the plaintiffs in opposition to the defendants' motion for summary judgment are inapplicable to the facts of this case.

Liability under Labor Law § 200 and common-law negligence will not attach when the dangerous condition complained of was open and obvious (*see, Gasper v Ford Motor Co.,* 13 NY2d 104; *Bellofatto v Frengs,* 246 AD2d 566; *Wilhouski v Canon U.S.A.,* 212 AD2d 525). Here, the injured plaintiff hit his head on an overhead pipe, which was part of the scaffolding at his worksite. Accordingly, the Supreme Court improperly denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' claims under Labor Law § 200 and common-law negligence. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.