■ Tara A. Tarrazi, Respondent, v 2025 Richmond Avenue Associates, Inc., Defendant and Third-Party Plaintiff-Respondent, and APB Investigations, Inc., Appellant. Bart Peloso et al., Third-Party Defendants; Colin Services Systems, Inc., Also Known as Colin Cares, Third-Party Defendant-Respondent. [688 NYS2d 220] —In a negligence action to recover damages for personal injuries, the defendant APB Investigations, Inc., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Richmond County (Cusick, J.), dated April 2, 1998, which, *inter alia,* denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the defendant APB Investigations, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that

branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant APB Investigations, Inc., payable by the plaintiff, the complaint is dismissed insofar as asserted against the defendant APB Investigations, Inc., and the action against the remaining defendants is severed; and it is further,

Ordered that, upon searching the record, the provision thereof which denied that branch of the cross motion of the defendant 2025 Richmond Avenue Associates, Inc., which was for summary judgment dismissing so much of the complaint as sought damages for failure to warn is deleted, and a provision granting that branch of the cross motion is substituted therefor.

It is well established that a landowner has "no duty to warn against a condition that can be readily observed by the reasonable use of the senses. The situation is then a warning in itself" (*Olsen v State of New York,* 30 AD2d 759, 760, *affd* 25 NY2d 665; *see also, Harrison v City of New York,* 248 AD2d 592; *Boehme v Edgar Fabrics,* 248 AD2d 344; *Hopson v Turf House,* 252 AD2d 796; *Huber v Malone,* 229 AD2d 469; *Bellofatto v Frengs,* 246 AD2d 566; *Zaffiris v O'Loughlin,* 184 AD2d 696; *Cimino v Town of Hempstead,* 110 AD2d 805, *affd* 66 NY2d 709). Thus, the landowner, the defendant 2025 Richmond Avenue Associates, Inc. (hereinafter Associates), and the landowner's security company, the appellant, APB Investigations, Inc. (hereinafter APB), had no duty to warn the plaintiff of the danger inherent in descending an unlit stairway. The danger was open and obvious and was in no way concealed or latent. The plaintiff, at her examination before trial, testified that she knew before she reached the subject stairway that it was "very dark". Indeed, as manifested by her coworker's comment to "[w]atch how dark it is", it is clear not only that the danger was obvious to all, but that the plaintiff was expressly aware of the danger posed. Under these circumstances, there was no duty to warn as a matter of law (*see, e.g., Harrison v City of New York, supra; Boehme v Edgar Fabrics, supra; Hopson v Turf House, supra; Zaffiris v O'Loughlin, supra; Cimino v Town of Hempstead, supra*). Accordingly, we grant that branch of the motion of APB which was to dismiss so much of the complaint as asserted a cause of action rooted in the failure of APB to warn. In addition, upon searching the record (*see, Sciangula v Mancuso,* 204 AD2d 708, 709), we grant that branch of the cross motion of Associates which sought to dismiss so much of the complaint as asserted a cause of action rooted in the failure of Associates to warn.

Furthermore, assuming, arguendo, that APB had contracted

with Associates to inspect the stairways while doing patrols, and that this obligation included a duty to report an unlit stairway, the plaintiff failed to demonstrate that the contract intended to confer a direct benefit upon her, as a third-party beneficiary of this contract, to protect her from physical injury (*see, Matti v Temco Serv. Indus.,* 253 AD2d 415; *O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325). In addition, the plaintiff failed to establish that APB otherwise assumed a duty to her, upon which she relied to her detriment (*cf., Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *see also, Riekers v Gold Coast Plaza,* 255 AD2d 373). Accordingly, we grant the branch of the motion of APB which was for summary judgment dismissing the remainder of the plaintiff's complaint against it.

The remaining contentions of APB are without merit. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.