■ MICHAEL QUOG, Appellant, v TOWN OF BROOKHAVEN et al., Defendants, COUNTY OF SUFFOLK, Respondent, and LONG ISLAND LIGHTING COMPANY, Defendant and Third-Party Plaintiff-Respondent. LEWIS H. WORRAD Co., Third-Party Defendant-Appellant. [708 NYS2d 715] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 21, 1998, as granted that branch of the motion of the defendant County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against it, and the third-party defendant Lewis H. Worrad Co. separately appeals from the same order.

Ordered that the appeal by the third-party defendant, Lewis H. Worrad Co., is dismissed as withdrawn pursuant to a letter dated September 2, 1999; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the respondent County of Suffolk is awarded one bill of costs.

The Supreme Court properly granted summary judgment to

the defendant County of Suffolk (hereinafter the County). After the County made a prima facie showing of entitlement to judgment as a matter of law, the plaintiff did not raise a material issue of fact as to whether the County had constructive notice of a defective condition in a tree which fell on the plaintiff's car. The only evidence in admissible form submitted by the plaintiff in this regard was the affidavits of Michelle DePalo and the plaintiff's expert in arboriculture, Lawrence Borger.

Ms. DePalo's sole statement in this regard was: "I recall that, prior to this accident, the maple tree had been leaning in a southerly direction toward South Country Road for some time, most noticeably after the nor'easter which came through Long Island in the fall of 1991. There was no other tree within at least 50 feet on either side of it along South Country Road, so the tree should have been very obvious to anyone driving in either direction on South Country Road."

Mr. Borger, after explaining the structure of trees in general and this tree in particular, opined that the "lack of an adequate root system was a proximate cause of this tree falling down." He also stated that "[t]he most likely cause of this root system failure was a cutting of the roots on the sidewalk side of the tree sometime prior to the accident." Further, Borger attempted to impute constructive notice to the County in the following paragraph: "In the subject case, there is evidence from *one or more witnesses in the neighborhood* that the subject tree was leaning *a lot* over South Country Road * * * Given the way it was leaning, and given that this *leaning was apparently progressive*, the subject tree should have been removed sometime after October, 1991" (emphasis added).

However, the only witness who gave evidence of "leaning" was Ms. DePalo, who never described the extent of the leaning and never indicated that the leaning was progressive. A municipality does not have constructive notice simply because a tree is leaning. A municipality is on notice to make a close inspection only when it is determined that a tree is "hanging precariously" over the roadway (*Guido v State of New York,* 248 AD2d 592) or "leaning precariously toward the [roadway]" (*Fowle v State of New York,* 187 AD2d 698, 699). Neither condition existed in this case and therefore it cannot be said that the County was required to make such an inspection.

Further, even had such inspection been made, it would not have revealed the defect that was the proximate cause of the tree falling, i.e., the lack of an adequate root system. A highway maintenance supervisor who testified for the County stated that when he looked at the tree shortly after it had fallen, it

did not appear to be rotten. Where there is no evidence that the tree trunk showed any visible, outward signs of decay prior to the accident, it cannot be said that the municipality had constructive notice of a defect (*see, Leach v Town of Yorktown,* 251 AD2d 630). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.