■ SINISA BOJOVIC et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) [726 NYS2d 444] —In an action to recover damages for personal

injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated July 6, 2000, as denied those branches of its motion which were to dismiss those claims asserted by the plaintiffs which were based on common-law negligence, the Administrative Code of the City of New York, and the Multiple Dwelling Law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted in its entirety, and the complaint is dismissed.

The injured plaintiff (hereinafter the plaintiff) allegedly sustained personal injuries when he slipped on some debris located on a stairway within an abandoned building owned by the defendant New York City Housing Authority (hereinafter the Authority). He was in the building to conduct a survey pursuant to the Authority's contract with his employer, the third-party defendant Joseph Nicoletti Land Surveyor, P. C., so that the building could be renovated. The plaintiff was aware of the existence of substantial debris in the building and the area where he fell, having traversed the stairway twice before he fell.

Liability under a theory of common-law negligence will not attach when the allegedly dangerous condition of which a plaintiff complains was open and obvious, particularly where, as in the instant case, the plaintiff was actually aware of the condition (*see, Gonzalez v Fastflex, Inc.,* 270 AD2d 229; *Tarrazi v 2025 Richmond Ave. Assocs.,* 260 AD2d 468, 469; *Boehme v Edgar Fabrics,* 248 AD2d 344). The plaintiffs' claims pursuant to the City Administrative Code and the Municipal Dwelling Law should also be dismissed. The plaintiff's sole purpose in the building was to complete the necessary survey so that renovations to bring the building into compliance with all applicable codes and ordinances could commence. Since the plaintiff's accident was caused by the defects he was present to remedy, he may not recover pursuant to the Administrative Code of the City of New York or the Multiple Dwelling Law for the Authority's alleged failure to provide him with a safe work place (*see, Mullin v Genesee County Elec. Light, Power & Gas Co.,* 202 NY 275, 279; *Monroe v City of New York,* 67 AD2d 89, 98). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.