■ Michael Quog, Appellant, v Town of Brookhaven et al., Defendants, and County of Suffolk, Respondent. (And a Third-Party Action.) [730 NYS2d 145] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 9, 2000, as, upon granting that branch of his motion which was for leave to renew, adhered to its original determination granting the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the defendant County of Suffolk had constructive notice that a tree, which was allegedly decaying and which fell on the plaintiff's automobile, constituted a dangerous condition. In a prior decision and order, this Court affirmed an order of the Supreme Court, Suffolk County, granting that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against

it based upon the plaintiff's failure to come forth with any evidence that the tree trunk showed any visible, outward signs of decay prior to the accident, or that it was hanging precariously over the roadway (*see, Quog v Town of Brookhaven,* 273 AD2d 287).

In support of his motion, *inter alia,* for leave to renew, the plaintiff submitted the affidavit of an expert in arboriculture. The report stated, based on the expert's examination of photographs and videotape of the fallen tree, that the tree exhibited certain signs of decay which should have been evident before the accident. The plaintiff also submitted the affidavit of a person who had lived in the area for over 40 years, who stated that the tree had been leaning for several years and that the leaning got progressively worse.

The Supreme Court correctly adhered to its original determination awarding summary judgment to the County, inasmuch as there was no competent evidence that the County had constructive notice of a defective condition. We note, however, that the Supreme Court improperly granted renewal. The additional information submitted upon renewal was known to the plaintiff when the original motion was made, and he did not proffer a reasonable excuse for his failure to present those facts at that time (*see, Delvecchio v Bayside Chrysler Plymouth Jeep Eagle,* 271 AD2d 636, 638). Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.