■ PATRICIA ASNIP, Appellant, v STATE OF NEW YORK, Respondent. [751 NYS2d 316] —In a claim to recover damages for wrongful death, the claimant appeals from (1) a decision of the Court of Claims (Ruderman, J.), dated September 19, 2001, and (2) a judgment of the same court, dated October 2, 2001, which, upon the decision, after a nonjury trial on the issue of liability, and upon granting the defendant's application, made at the close of evidence, for judgment as a matter of law, is in favor of the defendant and against her dismissing the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

On December 6, 1996, the claimant's decedent was killed when a 120-foot tree became uprooted and fell onto the decedent's car while he was driving on the Sprain Brook Parkway. The claimant alleged that the defendant, the State of New York, was liable because it had notice of the tree's dangerous condition.

The State's duty to maintain its roadways in a reasonably safe condition encompasses those trees, adjacent to the roads, which could reasonably be expected to pose a danger to travelers (see Harris v Village of E. Hills, 41 NY2d 446, 449; Guido v State of New York, 248 AD2d 592; Fowle v State of New York,

187 AD2d 698, 699). However, liability will not attach unless the State had actual or constructive notice of a dangerous condition posed by such trees (*see Harris v Village of E. Hills, supra* at 450; *Guido v State of New York, supra*; *Fowle v State of New York, supra*).

The State demonstrated that it did not have actual or constructive notice that the tree in question presented a danger to travelers on the Sprain Brook Parkway. There was no proof that the tree was "hanging precariously" over the roadway so as to put the State on notice to make a closer inspection (*see Quog v Town of Brookhaven,* 273 AD2d 287; *cf. Guido v State of New York, supra*). Moreover, the evidence established that the fallen tree was alive, not rotted, decayed, or otherwise diseased, and that it toppled because its root system failed. Accordingly, "[w]here there is no evidence that the tree trunk showed any visible, outward signs of decay prior to the accident, it cannot be said that the municipality had constructive notice of a defect" (*Quog v Town of Brookhaven, supra* at 289; *see Leach v Town of Yorktown,* 251 AD2d 630, 631). Therefore, the Court of Claims properly dismissed the claim.

The claimant's remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.