■ JIMMY A. COTTONE et al., Appellants, v C & C SPIRITS, INC., Doing Business as ROCKBOTTOM LIQUORS, Respondent. [761 NYS2d 674] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 14, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and denied those branches of the plaintiffs' cross motion which were for partial summary judgment on the issue of liability and to strike the defendant's answer for failure to comply with discovery requests.

Ordered that the order is affirmed, with costs.

The injured plaintiff tripped and fell while attempting to step over a case of wine which was located on the storeroom floor of the defendant's premises. The injured plaintiff acknowledged that he saw the case of wine on the floor before his accident.

While landowners have a duty to prevent the occurrence of foreseeable injuries on their premises, they are not obligated to warn against a condition that could be readily observed by the reasonable use of one's senses (*see Gibbons v Lido & Point Lookout Fire Dist.,* 293 AD2d 647, 648 [2002]; *Fabian v Sunbury Footaction,* 292 AD2d 340 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664, 665 [2000]; *Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380 [1996]). Here,

the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the condition in the storeroom was open and obvious and that the injured plaintiff was actually aware of the allegedly dangerous condition (*see Sandler v Patel,* 288 AD2d 459 [2001], *lv denied* 99 NY2d 509 [ 2003]; *Bojovic v New York City Hous. Auth.,* 284 AD2d 356, 357 [2001]). In opposition to the defendant's prima facie showing, the plaintiffs failed to establish the existence of a triable issue of fact.

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the defendant's answer as a penalty for failure to comply with disclosure demands since there was no willful noncompliance with the plaintiff's overbroad demands. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.