■ RICARDO COLLADO, Respondent, v INCORPORATED TOWN AND/OR VILLAGE OF FREEPORT, Appellant. [774 NYS2d 379]—In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered July 5, 2002, which denied its motion pursuant to CPLR 3216 to dismiss the complaint for failure to file a note of issue.

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 10, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 22, 1994, the plaintiff was driving on Broadway in

Freeport when a decayed limb from an adjacent tree fell and struck the roof of his vehicle. He brought this action to recover damages for personal injuries and injury to property. The defendant moved for summary judgment, asserting that Broadway is a County of Nassau road and therefore it had no duty to maintain the tree. The defendant also argued that, assuming it was obligated to maintain the tree, no prior written notice of the defect had been received as mandated by Village Law § 6-628 and that it had no actual or constructive notice of the condition.

In support of its contention that it had no duty to maintain the tree, the defendant submitted the deposition testimony of its Superintendent of Public Works, Louis Di Grazia, asserting that Broadway is a County road. In opposition, the plaintiff failed to submit any evidence to raise a triable issue of fact as to ownership of the road (*see Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]).

In any event, while "[t]he duty of a municipality to maintain its roadways in a reasonably safe condition extends to trees which are adjacent to the road and which could reasonably be expected to pose a danger to travelers (*Leach v Town of Yorktown,* 251 AD2d 630 [1998]; *see Guido v State of New York,* 248 AD2d 592 [1998]) . . . liability does not attach unless the municipality had actual or constructive notice of the dangerous condition (*see Harris v Village of E. Hills,* 41 NY2d 446, 450 [1977]; *cf. Fowle v State of New York,* 187 AD2d 698, 699 [1992])" (*Hilliard v Town of Greenburgh,* 301 AD2d 572 [2003]).

The plaintiff did not allege that the defendant had actual notice of the defect, nor did he submit an expert's affidavit as to the condition of the tree before the accident. "A municipality does not have constructive notice simply because a tree is leaning. A municipality is on notice to make a close inspection only when it is determined that a tree is 'hanging precariously' over the roadway (*Guido v State of New York,* 248 AD2d 592 [1998]) or 'leaning precariously toward the [roadway]' (*Fowle v State of New York,* 187 AD2d 698, 699 [1992])" (*Quog v Town of Brookhaven,* 273 AD2d 287, 288 [2000]; *Asnip v State of New York,* 300 AD2d 328 [2002]). The plaintiff's deposition testimony that, before the accident, the limb was "down a little bit," "dried up," and "rotten," which directly contradicted his earlier testimony at a municipal hearing that, before the accident, he had "never noticed" the tree, was, therefore, inadequate to raise a triable issue of fact as to constructive notice.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.