██ MICHAEL SWAN, Appellant, v EASTMAN KODAK COMPANY, Respondent. [790 NYS2d 897]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 7, 2004 in a personal injury action. The order denied plaintiff's motion for partial summary judgment on the issue of liability and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when he struck his head on the handle of a valve in the industrial plant in which he was working. Plaintiff alleged that defendant was negligent in its construction and maintenance of the premises, which had been leased to plaintiff's employer. The valve was situated in the corner of the premises, away from any walkway used by workers, and was readily observable by workers.

Supreme Court properly denied plaintiff's motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the complaint. Defendant met its burden by establishing as a matter of law that the location of the valve was "open and obvious" (*Hecht v 281 Scarsdale Corp.*, 3 AD3d 551, 552 [2004]) and that the condition of the premises was not defective or unreasonably dangerous by reason of the location and condition of the valve (*see Tedesco v Nowak*, 294 AD2d 911, 912 [2002], *lv denied* 98 NY2d 610 [2002]). Thus, defendant established as a matter of law that it was not negligent in its construction or maintenance of the premises (*see id.*; *see also Hecht*, 3 AD3d 551 [2004]; *Binensztok v Marshall Stores*, 228 AD2d 534 [1996]), and plaintiff failed to raise an issue of fact sufficient to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.