■ ELENA MARENO, Appellant, v SHORENSTEIN REALTY SERVICES, L.P., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [844 NYS2d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered December 8, 2005, which granted the motion of the defendants Shorenstein Realty Services, L.P., Shorenstein Company, L.P., and Metlife, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she struck her head on a wall-mounted tampon dispenser in the ladies' bathroom on the third floor of the MetLife Building located on Park Avenue in Manhattan. The accident occurred when the plaintiff bent down to place a file on the floor, and struck her head on the dispenser when she stood back up.

The Supreme Court properly granted the motion of the defendants Shorenstein Realty Services, L.P., Shorenstein Company, L.P., and Metlife, Inc., for summary judgment dismissing the complaint insofar as asserted against them, as they established that the wall-mounted dispenser upon which the plaintiff struck her head was open and obvious and not inherently dangerous as a matter of law (*see Kaufmann v Lerner N.Y., Inc.,* 41 AD3d 660 [2007]; *Swan v Eastman Kodak Co.,* 16 AD3d 1098 [2005]; *Hecht v 281 Scarsdale Corp.,* 3 AD3d 551 [2004]; *Panetta v Paramount Communications,* 255 AD2d 568 [1998]; *Bellofatto v Frengs,* 246 AD2d 566 [1998]; *Blecher v Holiday Health & Fitness Ctr. of N.Y.,* 245 AD2d 687 [1997]; *Binensztok v Marshall Stores,* 228 AD2d 534 [1996]; *Woodford v Hilton Hotels Corp.,* 122 F3d 1058 [1997]). In opposition, the plaintiff failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.