Rubio v State of New York (2019 NY Slip Op 00322)





Rubio v State of New York


2019 NY Slip Op 00322


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07251

[*1]Pedro Rubio, appellant, 
v
State of New York, respondent. (Claim No. 123506)


Zaremba Brown, PLLC, New York, NY (Daniel T. Gluck of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Ester Murdukhayeva of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Stephen J. Mignano, J.), dated June 2, 2016. The judgment, upon a decision of the same court dated April 19, 2016, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
The claimant allegedly was injured when his bicycle hit a pothole on Route 119 in Tarrytown and he fell from his bicycle to the ground. The claimant commenced this claim, alleging that the defendant, the State of New York, failed to maintain the roadway in a reasonably safe condition. After a trial, the Court of Claims determined that the State did not create or have actual or constructive notice of the subject pothole, and the court thereafter entered a judgment dismissing the claim. The claimant appeals.
The State has a nondelegable duty to maintain its roads and highways in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271; Jeffries v State of New York, 148 AD3d 1125; Bednoski v County of Suffolk, 145 AD3d 943; Chavez v State of New York, 139 AD3d 994). However, no liability will attach unless the State had actual or constructive notice of the dangerous condition and subsequently failed to take reasonable measures to correct the dangerous condition (see Figueroa-Corser v Town of Cortlandt, 107 AD3d 755; Asnip v State of New York, 300 AD2d 328; Fowle v State of New York, 187 AD2d 698).
On appeal, the claimant contends that the determination of the Court of Claims that the State did not have constructive notice of the pothole was not warranted by the facts. To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Eksarko v Associated Supermarket, 155 AD3d 826; Marinaro v Reynolds, 152 AD3d 659; Mastroianni v State of New York, 35 AD3d 674). Here, the court's determination was warranted by the facts. The evidence adduced at trial failed to establish that the State had constructive notice of the alleged defect or that its procedure of inspecting the roadway by looking for apparent defects from the vantage point of a moving vehicle [*2]was unreasonable (see Harris v Village of E. Hills, 41 NY2d 446, 450; Fowle v State of New York, 187 AD2d 698).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court