Erario v Wen Shirley, LLC (2019 NY Slip Op 01059)





Erario v Wen Shirley, LLC


2019 NY Slip Op 01059


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-00272
 (Index No. 613453/15)

[*1]Frank Erario, respondent,
v
Wen Shirley, LLC, et al., appellants.


Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Alice Spitz of counsel), for appellants.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), entered October 20, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff alleges that on June 21, 2014, as he was walking out of the defendants' Wendy's restaurant, he turned right and struck his head on a black Fire Department key lock box that was affixed to the exterior of the red brick wall of the building. The plaintiff commenced this action against the defendants, alleging negligence in, among other things, the maintenance of their premises. In his pleadings, the plaintiff alleged that the presence and positioning of the lock box on the exterior wall constituted a dangerous condition. After discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the lock box was open and obvious, and not inherently dangerous. The Supreme Court denied the motion, and the defendants appeal.
On their motion for summary judgment, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that the subject condition was both open and obvious, and not inherently dangerous (see Koepke v Deer Hills Hardware, Inc., 118 AD3d 957, 957; Mareno v Shorenstein Realty Servs., L.P., 44 AD3d 911, 912; Hecht v 281 Scarsdale Corp., 3 AD3d 551, 551-552; see also Swan v Eastman Kodak Co., 16 AD3d 1098, 1099; Cherry v Hofstra Univ., 274 AD2d 443). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court