■ JOHN VELLA, Appellant, v. SEACOAST TOWERS "A," INC., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered March 12, 1968 in favor of defendant upon the trial court's dismissal of the complaint at the

end of plaintiff's case upon a jury trial. Judgment affirmed, with costs. "While under some circumstances a glass door exit may be constructed or maintained in a manner so as to constitute negligence (see *Shannon* v. *Broadway & 41st St. Corp.*, 272 App. Div. 1029, affd. 298 N. Y. 589), in the instant case there was a complete absence of proof of negligence on the part of defendant. There was no evidence offered to show faulty construction or improper maintenance" (*Luciano* v. *Mapart, Inc.*, 14 A D 2d 843, mot. for lv. to app. den. 11 N Y 2d 642; see, also, *Gardino* v. *Barney Co.*, 17 A D 2d 895; cf. *Lockwood* v. *Proctor*, 21 A D 2d 686). Accordingly, it was proper to dismiss the complaint, especially in light of the rule that a plaintiff is bound to see what by the proper use of his senses he might have seen (*Weigand* v. *United Traction Co.*, 221 N. Y. 39, 42; see, also, *Cooper* v. *Scharf*, 11 A D 2d 101). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.