■ DIANA MORELL et al., Appellants, v PEEKSKILL RANCH, INC., Respondent. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered November 10, 1981, dismissing the complaint upon motion of the defendant made during trial at the close of the plaintiffs' case.

Judgment affirmed, with costs.

On August 19, 1977, plaintiffs, Diana and Bruce Morell, and their two children, registered as guests at a "dude ranch" located in a "rustic setting". The next morning Mrs. Morell headed toward the tennis courts, walking down a "worn dirt path [with] grass on either side". There were no warning signs or markers of any kind posted.

After Mrs. Morell had passed some "[f]lat rocks" and had traveled 40 to 50 feet, she came upon a curve in the path with a three-foot high boulder that came up to her hips and allegedly blocked her view. She proceeded to go around the boulder, walking three or four feet, and then, while she was looking at the children on the tennis court, she "slipped" and fell. Nothing

had interfered with her vision when she traversed the three or four feet before slipping. Later, Mr. Morell found his wife on the ground by a "bunch of boulders * * * at the foot of a cliff".

Trial Term granted defense counsel's motion to dismiss the complaint for failure to establish a prima facie case, finding that there was no proof that there was a dangerous condition. We affirm.

To be sure, a landowner must act as a reasonable person in maintaining property in a reasonably safe condition and, when necessary, give notice of unsafe conditions (see, e.g., *Preston v State of New York,* 59 NY2d 997; *Basso v Miller,* 40 NY2d 233). This does not, however, make the landowner an insurer, "liable for every injury no matter the nature of the hazard or how long it has been in place. There must be some proof that the potential danger reasonably could have been neutralized and that its existence was or should have been discovered by the [landowner] (see *Oppel v City of Long Beach,* 262 App Div 777, affd 288 NY 633)" (*Preston v State of New York, supra,* p 999; see, also, *Quinlan v Cecchini,* 41 NY2d 686, 689).

The dirt path in issue is not inherently dangerous. It traversed a rocky area, apparently in keeping with the ranch's rustic environment (see *Barnaby v Rice,* 75 AD2d 179, affd 53 NY2d 720). Moreover, in the absence of any evidence of a hidden dangerous condition, there is no basis for finding that the defendant owed a duty to post warning signs or to block off the path entirely (see *Herman v State of New York,* 94 AD2d 161, 162-163; *Pope v State of New York,* 198 Misc 31, affd 277 App Div 1157; cf. *Preston v State of New York, supra*). Mrs. Morell injured herself because she failed to watch where she was walking, not as the result of any negligence of the defendant (see *Barnaby v Rice, supra*). "She was bound to see what by the proper use of her senses she might have seen" (*Weigand v United Traction Co.,* 221 NY 39, 42; see, also, *Vella v Seacoast Towers "A",* 32 AD2d 813, 814). As in *Herman v State of New York* (*supra,* pp 163-164), "there is no evidence in this record that the employment of signs would have prevented the accident".

There being no question as to the defendant's negligence, the case was properly dismissed at the close of the plaintiffs' case (*Quinlan v Cecchini,* 41 NY2d 686, 689, *supra; Basso v Miller,* 40 NY2d 233, 241, *supra; Barnaby v Rice,* 75 AD2d 179, affd 53 NY2d 720, *supra*). Titone, J. P., Thompson and O'Connor, JJ., concur.

Rubin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Gibbons, J., concurs: I dissent because the evidence, when viewed

in the light most favorable to the plaintiffs, permits a rational inference of negligence on the part of the defendant (*Fiederlein v Hochberg Bros.,* 83 AD2d 472, 479).

The plaintiff wife, a guest at defendant's ranch, fell from a 14- to 16-foot precipice when she was on her way to the defendant's tennis courts. To get to the tennis courts, she walked along a worn dirt path, which she had seen other guests use and which went in the direction of the courts. At an apparent juncture in the path, she did not take the unmarked course that would have led her to a stairway down to the tennis courts. Instead, she proceeded along what appeared to be a continuation of the path. After Mrs. Morell had traveled another 150 to 200 feet, the path appeared to curve to the right. On Mrs. Morell's right side was a three-foot high boulder, which obscured the fact that the path did not continue to the right. According to Mrs. Morell, she proceeded to go around the boulder and then "there was nothing left" of the path. She slipped off the edge of the cliff and fell approximately 14 to 16 feet. The defendant had posted no signs, either warning or directional, and had offered no notices or written material concerning how to get around the grounds.

In reviewing the dismissal of the plaintiffs' complaint, an appellate court is required (as was the trial court) to view the evidence in the light most favorable to the plaintiffs; the plaintiffs are also entitled to the benefit of all inferences that can reasonably be drawn from the evidence (*Santiago v Steinway Trucking,* 97 AD2d 753). The court's function is not to weigh the proof, but rather to determine whether any rational basis exists for the triers of fact to find in the plaintiffs' favor (*Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.05; Siegel, NY Prac, § 402, p 529). The defendant is not an insurer of Mrs. Morell's safety. Nevertheless, in the case of a recreational facility, such as defendant's ranch, the innkeeper must maintain the premises in a reasonably safe condition for its anticipated use, while guests have a reciprocal obligation to use reasonable care for their own safety. When varying inferences can be drawn from the facts, the question of reasonableness is one for the jury (*Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 135-136).

When viewed in the light most favorable to the plaintiffs, the evidence establishes a prima facie case of negligence in that the defendant failed to take any measures to safeguard its guests from an apparently dangerous condition, which was not open and obvious (cf. *Luftig v Steinhorn,* 21 AD2d 760, affd 16 NY2d 568). Under the circumstances, where the evidence permits

rational inferences leading to a conclusion of negligence on the defendant's part, it was error to take the case from the jury.

Additionally, the issue of contributory negligence is a jury question in all but the clearest cases (*MacDowall v Koehring Basic Constr. Equip.*, 49 NY2d 824, 827; *Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 137, *supra*). In the instant case, there is contradictory testimony regarding where she was looking when she fell, that is, whether she was looking straight ahead or down at her children on the tennis court. This testimony suffices to raise a jury question as to whether Mrs. Morell was negligent and, if so, as to what degree that negligence contributed to the happening of the accident.