■ JOHN VAN STRY, Respondent, v STATE OF NEW YORK, Appellant. — In a claim to recover damages for personal injuries, the State of New York appeals from an interlocutory judgment of the Court of Claims (Amann, J.), dated April 6, 1983, which, after a nonjury trial, found it 60% liable for injuries sustained by the claimant.

Interlocutory judgment affirmed, with costs.

On October 22, 1979, the claimant sustained personal injuries when he slipped and fell in the men's locker room at the State University of New York at Farmingdale, where he was a student. At trial, the claimant testified that after changing into his gym clothes for his badminton class, he walked up and down the aisles looking for an empty locker to store his street clothes when his "right foot slipped and [he] fell, sort of straight down" on the edge of a puddle of water, which was clear, roughly circular, approximately 1/8 of an inch deep, four to five feet in diameter and 20 to 30 feet from the showers. Although defendant claimed it did not have notice of a dangerous condition, the

claimant testified that the "floors were always wet and slippery and there were puddles on the floor" on the eight or nine prior occasions he was in the locker room during the semester; that he had previously slipped but had never fallen; that "[a] few times" prior to the accident he had informed his badminton instructor that the floors were wet and slippery and that someone could slip; and that her reply was that "[s]he would have someone look into it". Moreover, Thomas McPartland, who was formerly enrolled in a scuba diving class on campus, testified on behalf of the claimant that he had slipped on the locker room floor in August, 1978 and had reported the accident to his instructor and the security office.

While the claimant's badminton instructor and the director of physical education at the university, produced as witnesses by State, denied that the claimant had ever informed them of any problems involving puddles of water accumulating in the men's locker room, or that there had been previous reports of accidents in the locker room, the conflicting testimony presented a factual issue for the trier of fact. Issues of credibility are for the trier of fact; his determination is entitled to the greatest weight and will generally not be disturbed by an appellate court (see *Amend v Hurley,* 293 NY 587, 594; *Barnet v Cannizzaro,* 3 AD2d 745; *Bandike Assoc. v B.B.M. Realty Corp.,* 44 AD2d 622). Furthermore, the trier of fact was entitled to discredit statements by the physical education director to the effect that the locker room floor had been periodically inspected throughout the day and was cleaned when the need arose, since the director had no firsthand knowledge of the floor on the day in question, and the building custodian who presumably had that knowledge was never called to testify.

Thus, we conclude that in crediting the claimant's witnesses, the Court of Claims could well find that this persistent accumulation of wetness created a foreseeable risk, that the State had notice of the condition through its employees, and that the State did not use reasonable care to eliminate the hazard, the State's own witness conceding that the locker room floor was slippery, it was not painted with antislip or sand paint, there were no mats or other no-slip devices on the floor, and there were no warning signs posted (see *Friedman v City of New York,* 25 NY2d 764; *Gramm v State of New York,* 28 AD2d 787, affd 21 NY2d 1025; *Greco v Acme Super Markets,* 17 AD2d 899; *Meyer v State of New York,* 92 Misc 2d 996). Nor do we perceive any reason to disturb the court's apportionment of liability as between the claimant and the State, particularly when, as the court observed, the claimant "had been aware of the condition that had existed on

other occasions" and "[t]he sheer size of the puddle indicates that a person using reasonable care — even though occupied by the search for a locker — would have seen it".

The facts in the cases relied upon by the dissent are clearly distinguishable from those at bar. The case of *Conroy v Saratoga Springs Auth.* (259 App Div 365, affd 284 NY 723) involved a fall in a bath house, and both *Beck v Broad Channel Bathing Park* (255 NY 641) and *Sciarello v Coast Holding Co.* (242 App Div 802, affd 267 NY 585) involved swimming pools. Even if a slippery condition is "necessarily incidental to the use of the bath" (or pool) (*Conroy v Saratoga Springs Auth., supra,* p 367; *Sciarello v Coast Holding Co., supra,* p 802), such a condition is not, in our view, necessarily incidental to the use of a student locker room, especially one where showers, equipped with a drying area, are at least 20 to 30 feet away from the site of the accident. Furthermore, the floor in question was not simply "moist", as in *Conroy v Saratoga Springs Auth.* (*supra,* p 366), but was covered by a puddle traversing the whole aisle and measuring ⅛ of an inch deep and four to five feet in diameter, hardly "small", as the dissent characterizes it. Nor are the cases of *Eddy v Tops Friendly Markets* (59 NY2d 692 [patron slips on deodorant bottle]), *Madrid v City of New York* (42 NY2d 1039 [patient falls on terrazzo entrance of out-patient clinic after light drizzle]), *Fazio v Stanley-Mark-Strand Corp.* (290 NY 547 [patron slips on ladies' room floor of theater where "on this occasion there was water"]), or *Teschke v State of New York* (32 AD2d 978 [patron falls in water tracked in by other patrons following downpour of rain just prior to the accident]) controlling herein. Contrary to the situation *sub judice,* in none of those cases was any evidence adduced showing that a dangerous condition persisted over time, or that the defendant had notice, actual or constructive, of the dangerous condition (see *Antenen v New York Tel. Co.,* 271 NY 558; *Miller v Gimbel Bros.,* 262 NY 107).

The interlocutory judgment of the Court of Claims should therefore be affirmed, with costs. Mangano, Gibbons and O'Connor, JJ., concur.

Titone, J. P., dissents and votes to reverse the interlocutory judgment and dismiss the claim, with the following memorandum: The State of New York appeals from an interlocutory judgment of the Court of Claims which found it 60% liable for damages sustained by the claimant when he fell in a locker room at the State University of New York at Farmingdale where he was a student. Because controlling precedents establish an absence of negligence as a matter of law, I dissent and vote to reverse and dismiss the claim.

The accident happened at about 1:15 P.M. on October 22, 1979 while the claimant was in the locker room dressing for his weekly badminton class. The locker room, which adjoined the swimming pool and contained a 50-head shower and drying area, was often wet and students were told to be careful in this area. After changing into his gym suit, the claimant walked up and down the aisles looking for a locker in which to place his street clothes and slipped in a small puddle of water, sustaining injuries.

The Court of Claims, reviewing the testimony, found that an unspecified "condition which forms the basis for the present claim, had existed for some time", that since the instructor had advised the students to be cautious in the locker room areas the State was aware of the dangerous condition and that no steps were taken to eliminate it such as signs, mats or other means to restrict the water flow from the shower and pool areas. I cannot agree to such a far-reaching imposition of liability.

Until a method of human dry cleaning is invented or instant evaporating water is discovered, the floors of locker room areas surrounding showers and swimming pools will become wet. Such a condition is incidental to its use and in and of itself establishes no breach of duty by the proprietor.

*Conroy v Saratoga Springs Auth.* (259 App Div 365, affd 284 NY 723) is squarely on point. Plaintiff there similarly sought to recover damages for injuries sustained in a fall in a bath house. In reversing a judgment for plaintiff entered upon a jury verdict, the Third Department said (*supra,* p 367): "The existence of a wet spot on the tile floor such as is described by plaintiff does not in and of itself establish a cause of action even though plaintiff fell thereon. The court is presumed to know what every one else knows that tile floors are more or less slippery and that such a condition in a bath house is necessarily incidental to the use of the bath. No attempt was made to prove how or by whom this wet spot was caused or how long it had existed. It was not enough for plaintiff to show that the floor was wet. The burden was on her to go further and show its presence under circumstances sufficient to charge defendant with responsibility therefor. This she failed to do."

Numerous other authorities are in accord (*Beck v Broad Channel Bathing Park,* 255 NY 641; *Sciarello v Coast Holding Co.,* 242 App Div 802, affd 267 NY 585; 4A Warren's New York Negligence, Bathing Places, § 5, p 98; cf. *Madrid v City of New York,* 42 NY2d 1039; *Fazio v Stanley-Mark-Strand Corp.,* 290 NY 547; *Teschke v State of New York,* 32 AD2d 978). Although

the cases antedate the abolition of the bar of contributory negligence to recovery, that is of no moment because they were decided on a lack of duty theory.

Nor is there any proof in the record establishing that the University or its agents had ever been notified of any accumulation of water on the locker room floor on the day of the incident, an element of the claimant's prima facie case (see *Eddy v Tops Friendly Markets,* 59 NY2d 692, affg 91 AD2d 1203; *Madrid v City of New York,* 42 NY2d 1039, *supra; Teschke v State of New York,* 32 AD2d 978, *supra;* cf. *Miller v Gimbel Bros.,* 262 NY 107, 108-109; *Antenen v New York Tel. Co.,* 271 NY 558). The floor had been periodically inspected throughout the day and was cleaned when the need arose. Approximately 250 students on any given day used the locker room between 8:00 A.M. and 1:00 P.M. It would be absurd to require a custodian to follow every student with a mop.

Finally, there is no basis for finding that the State had a duty to post signs to make the claimant aware of a matter of common sense (see *Morell v Peekskill Ranch,* 104 AD2d 492; *Herman v State of New York,* 94 AD2d 161, 163-164). The claimant was "bound to see what by the proper use of [his] senses [he] might have seen" (*Weigand v United Traction Co.,* 221 NY 39, 42; see, also, *Vella v Seacoast Towers,* 32 AD2d 813, 814) and "there is no evidence in this record that the employment of signs would have prevented the accident" (*Herman v State of New York, supra,* pp 163-164).

In sum, the State is not an insurer "liable for every injury no matter the nature of the hazard or how long it has been in place. There must be some proof that the potential danger reasonably could have been neutralized and that its existence was or should have been discovered" (*Preston v State of New York,* 59 NY2d 997, 999). Settled precedents and the indisputable facts show no breach of duty. Accordingly, I cast my vote for reversal.