■ ROSE CSUKARDI, Respondent, v BISHOP MCDONNELL CAMP et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Kings County (Vinik, J.), dated November 10, 1987, which, upon a jury verdict, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff instituted this action to recover damages for injuries she sustained when she allegedly fell over a tree stump on the defendants' campgrounds. The testimony adduced at trial established that the plaintiff and her children visited the defendants' campgrounds with a church group on May 28, 1983. When the church group first arrived at the defendants' camp, they went to the picnic area and ate lunch. Thereafter, the children in the group began to play on the grass field near the picnic area. At that point, the plaintiff decided to go for a walk. According to the plaintiff's testimony, as she walked to the back of the campgrounds, she came upon a row of trees and observed a playground area on the other side of the trees. The plaintiff passed through the tree-lined area which was covered with grass and, in doing so, allegedly tripped over a six-inch-high tree stump which was covered by a mound of grass thereby sustaining physical injury. There were no signs posted indicating the existence of the tree stump.

A volunteer of the plaintiff's church group, Joan Billeci, testified on behalf of the defendants and stated that when she

came to the plaintiff's aid, immediately after being advised of the accident, she found the plaintiff directly underneath the monkey bars in the playground area. Moreover, a friend of the plaintiff, Helen DeRobertis, who was a member of the church group, also testified on behalf of the defendants and stated that she had accompanied the plaintiff on her walk on the afternoon in question and the two women went to the camp's playground area. According to DeRobertis' testimony, the plaintiff fell while she was attempting to climb the monkey bars in the playground. It was also established, on cross-examination of the plaintiff, that she never told anyone that she sustained her injuries as a result of falling over a tree stump until her attorney visited her in the hospital approximately one week after the accident.

The defendants' motion pursuant to CPLR 4401 for judgment during trial dismissing the complaint for failure to establish a prima facie case of neglence, made at the close of the plaintiff's case and renewed at the close of their case, was denied. The jury subsequently rendered a verdict apportioning fault in the happening of the accident finding the defendants 80% at fault and the plaintiff 20% at fault. We, however, conclude that the plaintiff failed to establish a prima facie case of negligence against the defendants, as a matter of law, and, accordingly, reverse the judgment and dismiss the complaint.

A campground owner is not legally obligated to take extraordinary precautions in the operation and maintenance of his premises and he is not an insurer of the safety of his campers. Rather a campground owner is bound to exercise ordinary and reasonable care in maintaining the campgrounds in a reasonably safe condition so as to prevent foreseeable injury *(see,* 4A Warren, Negligence in New York Courts, Camps, §§ 1.01, 1.02). Thus, in *Alcantara v Federated Girl Scout Councils* (24 AD2d 585), a case similar to that at bar, this court held that the defendant camp owner was not liable to the plaintiff who sustained injury when she fell over a tree stump in one of the unpaved paths in the camp. This court stated, "[t]he condition of defendant's premises was incidental to the nature of the camp conducted by it and was to be ordinarily expected by persons in the * * * plaintiff's status. Under the circumstances, she was not unnecessarily or unreasonably exposed to danger (cf. *Garthe* v. *Ruppert,* 264 N. Y. 290, 295; *Kimbar* v. *Estis,* 1 N Y 2d 399)" *(Alcantara v Federated Girl Scout Councils, supra).* Similarly, in the instant action, viewing the evidence adduced at trial in a light most

favorable to the plaintiff *(see, Santiago v Steinway Trucking,* 97 AD2d 753), we conclude that the plaintiff's complaint should have been dismissed since the tree stump over which the plaintiff allegedly tripped was incidental to the nature of the defendants' campground and could be reasonably anticipated by persons traversing the wooded area. Moreover, the fact that the stump was covered by grass does not, in and of itself, establish liability since the six-inch tree stump in a wooded area did not constitute an unreasonably dangerous condition *(cf., Morell v Peekskill Ranch,* 104 AD2d 492, *revd* 64 NY2d 859 [a 16-foot precipice on the path of the defendant's dude ranch which was obscured by a three-foot-high boulder constituted an unreasonably dangerous condition which should have been made known to the defendant's guests]; *Le Roux v State of New York,* 307 NY 397 [an abandoned well which was covered by brush on a State-owned reforestation and public hunting area constituted an unreasonable danger]).

Moreover, even if we were to assume that the plaintiff established a prima facie case of negligence against the defendants, we would conclude that the judgment in favor of the plaintiff was against the weight of the credible evidence *(see,* CPLR 5501 [c]). As set forth above, a disinterested witness who claimed to have witnessed the accident testified that the plaintiff fell while climbing the monkey bars in the playground. Moreover, Ms. Billeci testified that when she arrived to render assistance to the plaintiff, she observed the plaintiff directly underneath the monkey bars. Also significant is the fact that the plaintiff never told anyone that she fell over the tree stump until one week after the accident when her attorney arrived at the hospital. Based on this evidence, we would conclude that the jury could not have determined that the accident occurred in the manner described by the plaintiff under any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.