■ WILLIAM BEST et al., Appellants, v TOWN OF ISLIP et al., Respondents. (And a Third-Party Action.) [696 NYS2d 228] —In

an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 20, 1998, as granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff William Best (hereinafter Best) injured his hand after he slipped on a boat launch ramp at the West Islip Marina while assisting the defendant Gaetano Corrao in winching a boat from the water. Best contends he slipped because the ramp was covered with a layer of seaweed, or "eel grass". The defendant Town of Islip (hereinafter the Town), which owned the marina, moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, alleging that the condition complained of was open and obvious, and normally associated with boat ramps on Long Island's south shore, thereby relieving the Town of any duty toward Best.

Best, an experienced boatman, acknowledged in pretrial testimony that he had known for several years that seaweed accumulated on the boat ramp from time to time, and that it was slippery enough to cause a car to slide. On the day of the accident, Best had seen the seaweed on the ramp, which had accumulated to a depth of approximately one to one- and one-half feet, but nevertheless elected to stand on the seaweed in an attempt to remove the boat from the water. Under the circumstances, the Supreme Court properly concluded that Best assumed the risk inherent in removing the boat from the water, including the risk associated with the presence of seaweed on the ramp, which was an open and obvious condition (*see, Morgan v State of New York,* 90 NY2d 471; *Sheridan v City of New York,* 261 AD2d 528; *Boehme v Edgar Fabrics,* 248 AD2d 344).

The plaintiffs' remaining contentions are without merit. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.