■ Camille Moriello, Appellant, v Stormville Airport Antique Show & Flea Market, Inc., et al., Respondents. [706 NYS2d 463] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Murphy, J.), dated February 11, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she tripped on a flat rock while walking on an unpaved roadway leading

from a parking field to an antique show and flea market. She commenced this action against the owner of the parking field and the entity which ran the flea market, contending, *inter alia*, that the defendants were negligent in failing to inspect the roadway and correct this condition. The defendants' motion for summary judgment was granted, and this appeal ensued.

We agree with the Supreme Court that tripping on a rock was not the type of risk that the defendants were obligated to prevent. While landowners have a duty to prevent the occurrence of foreseeable injuries on their premises, they are not obligated to warn against a condition on the land that could be readily observed by the use of one's senses (*see, Binensztok v Marshall Stores,* 228 AD2d 534; *Cimino v Town of Hempstead,* 110 AD2d 805, 806; *see generally, Preston v State of New York,* 59 NY2d 997; *Basso v Miller,* 40 NY2d 233). Furthermore, the flat rock over which plaintiff fell was inherent to the nature of an unpaved roadway, and therefore should have been anticipated by the plaintiff when traversing this area. Thus, under the circumstances, the plaintiff was not unnecessarily or unreasonably exposed to danger (*see, Egeth v County of Westchester,* 206 AD2d 502; *Csukardi v Bishop McDonnell Camp,* 148 AD2d 657).

The Supreme Court properly granted the defendants' motion notwithstanding that discovery was incomplete, since there was only hope and speculation as to what additional discovery would uncover (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.