■ ELIZABETH WHITE, Respondent, v FRANK GABRIELLI, Appellant. [707 NYS2d 505] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated February 9, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 22, 1993, the plaintiff tripped and fell backward over a wheel stop as she exited her car in a rooftop parking lot owned by the defendant. It is undisputed that the wheel stop was not anchored to the floor of the parking lot. The defendant asserts that he is not negligent, as a matter of law, because the wheel stop was clearly visible.

The defendant's failure to anchor the wheel stop to the floor of the parking lot was a violation of his statutory duties (*see*, Administrative Code of City of NY §§ 27-128 [safe maintenance], 27-454 [roof storage of motor vehicles]), and the plaintiff submitted evidence sufficient to raise an issue of fact as to whether this violation created a dangerous condition which caused her to trip and fall (*see, Hilaire v Stanley Mgt. Co.,* 229 AD2d 423). The defendant also had a common-law duty to maintain the parking lot in a reasonably safe condition so as to prevent foreseeable accidents (*see, Basso v Miller,* 40 NY2d 233). The plaintiff's failure to avoid the wheel stop raises an issue of comparative negligence (*see, Saiia v State of New York,* 190 AD2d 1059). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.