■ ROBERT NARDI et al., Appellants, v CROWLEY MARINE ASSOCIATES, INC., Respondent. [741 NYS2d 246] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), entered December 22, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Nardi allegedly was injured when he slipped on a moss-covered incline on the shoreline near the defendant's dock. The plaintiffs alleged that the defendant negligently allowed the mossy condition to exist and failed to warn Nardi of it. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

Liability under common-law negligence will not attach when the allegedly dangerous condition complained of was open and obvious, particularly where the injured plaintiff was aware of it (*see Gonzalez v Fastflex, Inc.,* 270 AD2d 229). In addition, a landowner will not be held liable for injuries arising from condi-

tions on the property that are inherent to the nature of the land and could be reasonably anticipated by those using it (*see Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664; *Csukardi v Bishop McDonnell Camp,* 148 AD2d 657; *Rosen v New York Zoological Socy.,* 281 AD2d 238). Nardi assumed the risk inherent in walking on the moss-covered incline, which was an open and obvious hazard (*see Best v Town of Islip,* 265 AD2d 357; *Sorce v Great Oak Mar.,* 282 AD2d 598). Moreover, the condition was inherent to the nature of the shoreline and should have been anticipated by Nardi. Under these circumstances, the incline did not constitute an unreasonably dangerous condition for which the defendant may be held liable (*see Csukardi v Bishop McDonnell Camp, supra; cf. Morell v Peekskill Ranch,* 64 NY2d 859, *revg on dissenting opn* 104 AD2d 492, 493-495; *Walter v State of New York,* 185 AD2d 536). Accordingly, the Supreme Court properly granted the defendant's motion (*see Rosen v New York Zoological Socy., supra; Moriello v Stormville Airport Antique Show & Flea Mkt., supra; Best v Town of Islip, supra*). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.