■ OSMAN TULOVIC et al., Appellants, v CHASE MANHATTAN BANK, N.A., et al., Defendants and Third-Party Plaintiffs-Respondents, and MORSE DIESEL INTERNATIONAL et al., Respondents. ISS CLEANING SERVICES GROUP, INC., etc., Third-Party Defendant. [767 NYS2d 44] —In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited their brief, from so much of (1) an order of the Supreme Court, Kings County (Jones, J.), dated September 4, 2001, as granted those branches of the cross motion of the defendants third-party plaintiffs Chase Manhattan Bank, N.A., and Edward S. Gordon Company, Inc., which were for summary judgment dismissing the first, second, and fourth causes of action, and so much of the third cause of action which was to

recover damages pursuant to Labor Law § 200, insofar as asserted against them, and (2) an order of the same court (Barron, J.), dated November 14, 2001, as granted those branches of the motion of the defendants Morse Diesel International, NICO/MDI, a division of Morse Diesel International, Nico General Contractors, Inc., and Morse Diesel, Inc., which were for summary judgment dismissing the first, second, and fourth causes of action, and so much of their third cause of action which was to recover damages pursuant to Labor Law § 200, insofar as asserted against them.

Ordered that the orders are reversed insofar as appealed from, on the law, the branches of the motion and the cross motion which were for summary judgment dismissing the first, second, and fourth causes of action, and so much of the third cause of action which was to recover damages pursuant to Labor Law § 200 are denied, and the first, second, and fourth causes of action, so much of the third cause of action which was to recover damages pursuant to Labor Law § 200, all cross claims, and the third-party complaint are reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Osman Tulovic (hereinafter the plaintiff) was a porter in a lower Manhattan office building owned by the defendant Chase Manhattan Bank, N.A. (hereinafter Chase). The building was undergoing renovations that resulted in the exposure of structural steel rebars. As the plaintiff was sweeping litter along the driveway of the building's loading dock, he moved toward the wall to make way for a truck to pass. In so doing, he caught his foot on a rebar and fell.

The plaintiff and his wife commenced the instant action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). The plaintiffs abandoned the latter two claims, leaving only the Labor Law § 200 claim in issue as relevant to this appeal. The Supreme Court, inter alia, granted the respective motion and cross motion for summary judgment on the ground that the dangerous condition, the exposed rebar, was "open and obvious" and therefore the defendants had no duty to protect the plaintiff from this readily observable condition.

As this Court has determined in *Cupo v Karfunkel* (1 AD3d 48 [2003] [decided herewith]), the fact that the exposed rebars were open and obvious does not negate Chase's duty to maintain its premises in a reasonably safe condition; rather, it goes to the issue of the plaintiff's comparative negligence (*see Cupo v Karfunkel, supra; MacDonald v City of Schenectady,* 308 AD2d 125 [2003]; *Monge v Home Depot,* 307 AD2d 501

[2003]; *Soich v Farone,* 307 AD2d 658 [2003]; *Acevedo v Camac,* 293 AD2d 430, 431 [2002]; *Massucci v Amoco Oil Co.,* 292 AD2d 351, 352 [2002]; *Orellana v Merola Assoc.,* 287 AD2d 412, 413 [2001]; *Chambers v Maury Povich Show,* 285 AD2d 440 [2001]; *White v Gabrielli,* 272 AD2d 469, 470 [2000]; *Morgan v Genrich,* 239 AD2d 919, 920 [1997]).

This rule recognizes that a party may be liable for injuries caused by open and obvious conditions when they are dangerous and the landowner breached its general duty of care to maintain its premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233 [1976]). It absolves landowners, inter alia, from liability for injuries sustained by inattentive plaintiffs who trip over naturally occurring topographic conditions, as these plaintiffs can be said to have only themselves to blame; their negligence was the sole causative fact (*see Nardi v Crowley Mar. Assoc.,* 292 AD2d 577 [2002]; *Rosen v New York Zoological Socy.,* 281 AD2d 238 [2001]; *Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664, 665 [2000]; *Duclos v County of Monroe,* 258 AD2d 925 [1999]; *Coote v Niagara Mohawk Power Corp.,* 234 AD2d 907, 908 [1996]; *Dart v Solomon,* 210 AD2d 581 [1994]; *Tarricone v State of New York,* 175 AD2d 308 [1991]; *Diven v Village of Hastings-On-Hudson,* 156 AD2d 538 [1989]). However, where a landowner has negligently created or permitted a dangerous defect to exist, as a matter of fairness and public policy, such a culpably negligent defendant should not be permitted to wholly avoid liability merely because the plaintiff did not see the defect; the plaintiff's contributory negligence should not be a superseding cause. In this circumstance it is equitable to apportion liability based upon comparative fault, consistent with CPLR 1411. Indeed, pursuant to CPLR 1411, contributory negligence "shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished" to reflect the plaintiff's comparative fault.

Accordingly, the Supreme Court erred in granting the motion and cross motion for summary judgment because the condition that caused the plaintiff's fall was open and obvious. While there was no duty to warn the plaintiff of the open and obvious hazard posed by the exposed rebar, a jury could nevertheless reasonably conclude that there was a breach of the general duty of care to maintain the premises in a reasonably safe condition.

The contention of the third-party defendant, ISS Cleaning Services Group, Inc., formerly known as National Cleaning Contractors, Inc. (hereinafter ISS), that the Supreme Court

correctly dismissed the third-party complaint and the claims asserted against it for contractual indemnification is without merit. Contrary to the contentions of ISS, it is not necessary that the third-party plaintiffs be found completely without fault in the happening of the accident in order to be partially indemnified under the indemnification clause, and it is premature for ISS's motion to be decided before fault is determined (*see* General Obligations Law § 5-322.1; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *McGill v Polytechnic Univ.*, 235 AD2d 400, 402 [1997]).

The defendants' remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.