■ Agnes Jean Murphy, Respondent, v Kulka Construction Corp. et al., Respondents, and G.R. Marshall, Inc., Appellant. [789 NYS2d 260]—

In an action to recover damages for personal injuries, the defendant G.R. Marshall, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 17, 2002, as denied that branch of its cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The cross motion of the defendant G.R. Marshall, Inc. (hereinafter Marshall), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied because Marshall failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). Since it is undisputed that Marshall did not create the condition that caused the plaintiff to be injured, Marshall's duty to the plaintiff, if any, depends upon the nature of its contractual relationship with the owner of the property (*see Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579 [1994]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220 [1990]). Questions of fact necessary to resolve that issue preclude summary judgment. Contrary to Marshall's contention, it is not absolved of liability due to the alleged open and obvious nature of the sidewalk defect, which is relevant only to the issue of the plaintiff's comparative fault (*see Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923, 925 [2003]). Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.