■ Joseph V. Mazzola et al., Respondents, v Larry Mazzola et al., Appellants. [793 NYS2d 59]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated December 15, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff, Joseph V. Mazzola, sustained injuries after he tripped and fell over exposed tree roots in the defendants' backyard while attempting to catch a football which he threw above his head.

A landowner will not be held liable for injuries arising from conditions on the property that are inherent to the nature of the land and could be reasonably anticipated by those using it (*see Stanton v Town of Oyster Bay*, 2 AD3d 835, 836 [2003]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 925 [2003]; *Nardi v Crowley Mar. Assoc.*, 292 AD2d 577, 578 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.*, 271 AD2d 664 [2000]). The defendants established their entitlement to judgment as a matter of law by demonstrating that the alleged defect was inherent to the nature of the land, and known to the infant plaintiff (*see Dawson v Cafiero*, 292 AD2d 488 [2002]; *Egeth v County of Westchester*, 206 AD2d 502 [1994]; *Csukardi v Bishop McDonnell Camp*, 148 AD2d 657 [1989]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Therefore, the Supreme Court should have granted the defendants' motion for summary judgment.

In light of our determination, the defendants' remaining contention has been rendered academic. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.