■ EUGENIA TORRES, Appellant, v STATE OF NEW YORK, Respondent. [795 NYS2d 710]—

In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Ruderman, J.), dated June 18, 2003, and (2) a judgment of the same court dated July 14, 2003, which, upon the granting of the defendant's motion to dismiss the claim made at the close of trial on the issue of liability only, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Landowners are not obligated to warn against conditions on the land that could be readily observed by the use of one's senses (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]; *DeLaurentis v Marx Realty & Improvement*, 300 AD2d 343 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.*, 271 AD2d 664 [2000]). Moreover, landowners will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it (*see Csukardi v Bishop McDonnell Camp*, 148 AD2d 657 [1989]; *see also Nardi v Crowley Mar. Assoc.*, 292 AD2d 577 [2002]). Here, based on the testimony and photographs adduced at trial, the tree stump encountered by the claimant in or around a picnic area in Franklin D. Roosevelt State Park was such a condition. Accordingly, the Court of Claims properly dismissed the claim.

The claimant's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.