■ TAMARA BADALBAEVA, Respondent, v CITY OF NEW YORK et al., Defendants, and STARRETT CITY, INC., et al., Appellants. [866 NYS2d 322]—

In an action to recover damages for personal injuries, the defendants Starrett City, Inc., and Grenadier Realty Corp. appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated June 8, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Starrett City, Inc., and Grenadier Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly was injured when she tripped over a tree root and fell when she was unable to regain her balance because of a nearby suspended cable. At the time, she was exiting a large grassy area which has numerous trees. The cable was part of a fencing system that marked portions of the perimeter of the grassy area. The system consisted of short, vertical posts strung with a cable hanging approximately 18 to 20 inches off the ground. The plaintiff commenced this action against, among others, Starrett City, Inc. (hereinafter Starrett), the owner of the premises, and the Grenadier Realty Corp. (hereinafter Grenadier), the manager of the premises. Starrett and Grenadier moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

Starrett and Grenadier demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them with evidence that the tree root was a condition inherent or incidental to the nature of the property and could be reasonably anticipated by those using it (*see Torres v State of New York*, 18 AD3d 739 [2005]; *Maz-*

*zola v Mazzola,* 16 AD3d 629 [2005]; *Stanton v Town of Oyster Bay,* 2 AD3d 835 [2003]; *Nardi v Crowley Mar. Assoc.,* 292 AD2d 577 [2002]), and that the cable was both open and obvious and, as a matter of law, not inherently dangerous (*see Sclafani v Washington Mut.,* 36 AD3d 682 [2007]; *Sun Ho Chung v Jeong Sook Joh,* 29 AD3d 677 [2006]; *Mazzola v Mazzola,* 16 AD3d 629 [2005]; *Plis v North Bay Cadillac,* 5 AD3d 578 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, Starrett and Grenadier were entitled to summary judgment. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.