■ COLLEEN DEMUTH, Respondent, v BEST BUY STORES, L.P., Appellant, et al., Defendants. (And a Third-Party Action.) [924 NYS2d 826]—

In an action to recover damages for personal injuries, the defendant Best Buy Stores, L.P., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered June 7, 2010, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped and fell over a cluster of concrete protruding from the ground in an area adjacent to a store owned by the defendant Best Buy Stores, L.P. (hereinafter Best Buy). The plaintiff commenced this action against, among others, Best Buy, and Best Buy moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the condition that caused the plaintiff to fall was open and obvious and not inherently dangerous. The Supreme Court, inter alia, denied the motion, and Best Buy appeals.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), it does not have a duty to protect against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]). "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]).

The evidence submitted by Best Buy in support of its motion was insufficient to establish, as a matter of law, that the condition that caused the plaintiff to fall was open and obvious and not inherently dangerous (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924-925 [2003]). Best Buy failed to demonstrate that the cluster of concrete on which the plaintiff tripped was a naturally occurring topographic condition or some other condition that a landowner could not reasonably be expected to remedy, and thus failed to show that it was not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d at 52; *Tulovic v Chase Manhattan Bank*, 309 AD2d at 925). Accordingly, the Supreme Court properly denied Best Buy's motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.