■ DONNA DOTTAVIO, Respondent, v ASPEN KNOLLS ESTATES HOME OWNERS ASSOCIATION, Appellant. [46 NYS3d 807]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 20, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff alleged that she tripped and fell over an exposed tree root in a common area behind her home, which was part of the residential development owned by the defendant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Groom v Village of Sea Cliff*, 50 AD3d 1094, 1094 [2008] [internal quotation marks omitted]; *see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d 683 [2015]; *see also Basso v Miller*, 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the

property, and that could be reasonably anticipated by those using it (*see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d at 683; *Groom v Village of Sea Cliff*, 50 AD3d at 1094).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the tree root was an open and obvious condition and inherent or incidental to the nature of the property, and was known to the plaintiff (*see Groom v Village of Sea Cliff*, 50 AD3d at 1095; *see also Mazzola v Mazzola*, 16 AD3d 629 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.