■ JENNIFER COMMENDER et al., Appellants, v STRATHMORE COURT HOME OWNERS ASSOCIATION et al., Respondents. [58 NYS3d 108]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Asher, J.), dated March 31, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Jennifer Commender (hereinafter the injured

plaintiff) allegedly tripped and fell over an exposed tree root in a common area located in the side yard next to a condominium unit that she leased with her husband. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, the owner and manager of the condominium complex. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs appeal.

"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Groom v Village of Sea Cliff*, 50 AD3d 1094, 1094 [2008] [internal quotation marks omitted]; *see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d 683, 683 [2015]; *see also Basso v Miller*, 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it (*see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d at 683; *Groom v Village of Sea Cliff*, 50 AD3d at 1094).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the tree root was an open and obvious condition and inherent or incidental to the nature of the property, and was known to the injured plaintiff prior to the accident (*see Dottavio v Aspen Knolls Estates Home Owners Assn.*, 147 AD3d 910, 911 [2017]; *Badalbaeva v City of New York*, 55 AD3d 764, 764-765 [2008]; *Torres v State of New York*, 18 AD3d 739, 739 [2005]; *Mazzola v Mazzola*, 16 AD3d 629, 630 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.