Solecki v Oakwood Cemetery Assn. (2018 NY Slip Op 00692)





Solecki v Oakwood Cemetery Assn.


2018 NY Slip Op 00692


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


131 CA 17-00327

[*1]ANDREW SOLECKI AND DEBORAH SOLECKI, PLAINTIFFS-APPELLANTS,
v
OAKWOOD CEMETERY ASSOCIATION AND WOLCOTT GRASS FARM, INC., DOING BUSINESS AS WOLCOTT LAWN & CEMETERY MAINTENANCE, DEFENDANTS-RESPONDENTS. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM QUINLAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MELISSA A. FOTI OF COUNSEL), FOR DEFENDANT-RESPONDENT OAKWOOD CEMETERY ASSOCIATION. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-RESPONDENT WOLCOTT GRASS FARM, INC., DOING BUSINESS AS WOLCOTT LAWN & CEMETERY MAINTENANCE. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 23, 2016. The order, among other things, granted the motion of defendant Wolcott Grass Farm, Inc., doing business as Wolcott Lawn & Cemetery Maintenance and the cross motion of defendant Oakwood Cemetery Association for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and cross motion in part and reinstating the common-law negligence claim, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Andrew Solecki (plaintiff) when he fell into a grave at Oakwood Cemetery. The grave had been dug by defendant Wolcott Grass Farm, Inc., doing business as Wolcott Lawn & Cemetery Maintenance (Wolcott), pursuant to a contract with defendant Oakwood Cemetery Association (Oakwood), the owner of the premises. On the day of the accident, plaintiff, a funeral director employed by Wood Funeral Home, traveled to the cemetery in a vehicle driven by a coworker. Plaintiff went to the cemetery to make sure that the grave site was ready for a burial that was to take place that day. As he approached the grave site, plaintiff observed that the grave was dug but it appeared that the site was not properly "dressed," meaning, inter alia, that the vault and lowering device for the casket had not been installed, nor was a railing placed around the grave. Instead, the grave opening was covered with a piece of plywood. The accident occurred after plaintiff exited the vehicle and approached the grave on foot, intending to lift the plywood to see whether the vault had been installed. He stepped on a corner of the plywood and fell into the grave.
Supreme Court properly granted those parts of the motion of Wolcott and the cross motion of Oakwood seeking summary judgment dismissing the Labor Law §§ 200, 240 (1) and 241 (6) claims against them. With respect to Labor Law § 240 (1), defendants met their burden of establishing as a matter of law that plaintiff "was neither among the class of workers . . . nor performing the type of work . . . that Labor Law § 240 (1) is intended to protect" (Chiarello v J & D Leasing Co., 299 AD2d 183, 183 [1st Dept 2002]; see Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521, 524-525 [2012]), and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendants further established that [*2]plaintiff was not entitled to the protection of Labor Law § 241 (6) inasmuch as his inspection of the grave site in his capacity as a funeral director had no direct connection with the alteration or excavation work performed by Wolcott (cf. Dubin v S. DiFazio & Sons Constr., Inc., 34 AD3d 626, 627 [2d Dept 2006]; see generally Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577 [1990]), and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562). Finally, the court properly granted summary judgment dismissing the Labor Law § 200 claim because, while that statute is not limited to construction work (see Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1325 [4th Dept 2014]), it does not apply where, as here, the plaintiff was "not permitted or suffered to work on a building or structure at the accident site" (Johnson v Ebidenergy, Inc., 60 AD3d 1419, 1422 [4th Dept 2009] [internal quotation marks omitted]).
The court erred, however, in granting those parts of defendants' respective motion and cross motion seeking summary judgment dismissing the common-law negligence claim against them, and we therefore modify the order accordingly. Inasmuch as plaintiffs allege that plaintiff's injury occurred as the result of a dangerous condition on the premises, defendants "were required to establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises" (Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1434 [4th Dept 2015] [internal quotation marks omitted]). Defendants' own submissions establish that each had some level of supervisory control over the premises. Moreover, it is undisputed that Wolcott dug the grave and placed plywood over it, thus creating and having actual notice of the condition that plaintiffs allege was dangerous. Further, while Oakwood established that it did not create the dangerous condition, it "failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit [Oakwood] or [its] employees to discover and remedy it," and it thereby failed to establish that it lacked constructive notice of it (St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503 [4th Dept 2016] [internal quotation marks omitted]).
We reject the contention of both defendants that they are entitled to summary judgment dismissing the amended complaint against them on the ground that an open grave is an inherent feature of a cemetery, of which plaintiff, a funeral director, was necessarily aware (cf. Badalbaeva v City of New York, 55 AD3d 764, 764-765 [2d Dept 2008]; Stanton v Town of Oyster Bay, 2 AD3d 835, 836 [2d Dept 2003], lv denied 3 NY3d 604 [2004]). Here, the allegedly dangerous condition was not simply an open grave, but instead was an open grave guarded by a piece of plywood that was allegedly inadequate by virtue of its size or placement to protect against plaintiff's fall.
Finally, we reject defendants' contention that they are entitled to summary judgment on the ground that plaintiff's actions were the sole proximate cause of his injuries. Plaintiff testified that he was generally aware that it is not safe to step on plywood covering an open grave and, indeed, he further testified that he tried to avoid stepping on the plywood. In any event, plaintiff's awareness of the danger " does not negate the duty to maintain [the cemetery] in a reasonably safe condition but, rather, bears only on [plaintiff's] comparative fault' " (Roosa v Cornell Real Prop. Servicing, Inc., 38 AD3d 1352, 1355 [4th Dept 2007]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court