Miano v Rite Aid Hdqtrs. Corp. (2018 NY Slip Op 02453)





Miano v Rite Aid Hdqtrs. Corp.


2018 NY Slip Op 02453


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-01624
 (Index No. 5055/15)

[*1]Michael A. Miano, appellant, 
v
Rite Aid Hdqtrs. Corp., et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Sobel Pevzner, LLC, Huntington, NY (Aaron C. Gross of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered December 22, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action seeking to recover damages for injuries he alleges he sustained when he tripped and fell as he was walking on a landscaped area on the defendants' property. The plaintiff testified at his deposition that on the date at issue, he had parked his vehicle in the defendants' parking lot and then stepped up over a curb and walked through a landscaped area of the grounds adjacent to the parking lot as a way of accessing the sidewalk to the defendants' store. The landscaped area consisted of trees, shrubs, and mulch, and near the plaintiff's parking spot, there was a gap in the shrubbery. The plaintiff was walking through the gap when he tripped and fell on a root just below the surface of the mulch. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
" A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property'" (Commender v Strathmore Ct. Home Owners Assn., 151 AD3d 1014, 1015, quoting Groom v Village of Sea Cliff, 50 AD3d 1094, 1094). However, a landowner "will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Torres v State of New York, 18 AD3d 739, 739; see Stanton v Town of Oyster Bay, 2 AD3d 835, 836). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the root that had caused the plaintiff to trip and fall was inherent or incidental to the landscaped area and that it could be reasonably anticipated by those using it (see Badalbaeva v City of New York, 55 AD3d 764, 764; Groom v Village of Sea Cliff, 50 AD3d at 1095; Torres v State of New York, 18 AD3d at 739; DeLaurentis v Marx Realty & Improvement, 300 AD2d 343, 343-344). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court