Ibragimov v Town of N. Hempstead (2018 NY Slip Op 06231)





Ibragimov v Town of N. Hempstead


2018 NY Slip Op 06231


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-01748
 (Index No. 602064/14)

[*1]Denis Ibragimov, et al., appellants, 
v
Town of North Hempstead, respondent.


Jeffrey A. Sunshine, P.C. (Joshua Annenberg, New York, NY, of counsel), for appellants.
Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Lorienton N.A. Palmer and Amanda Abata of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered February 3, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 27, 2013, the plaintiff Denis Ibragimov allegedly tripped or slipped on an exposed tree root and fell after getting up from a picnic table in the picnic area of Whitney Pond Park, owned by the defendant. He, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging, among other things, negligent maintenance of the picnic area. After the filing of the note of issue, the defendant moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion and cross-moved for summary judgment on the issue of liability. The Supreme Court, among other things, granted the defendant's motion, and the plaintiffs appeal.
"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; see Commender v Strathmore Ct. Home Owners Assn., 151 AD3d 1014, 1015; Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 683; see also Basso v Miller, 40 NY2d 233). A landowner, however has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it (see Commender v Strathmore Ct. Home Owners Assn., 151 AD3d at 1015; Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d at 683; Groom v Village of Sea Cliff, 50 AD3d at 1094).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the exposed tree root was an open and [*2]obvious condition which was inherent or incidental to the nature of the property, and known to Ibragimov prior to the subject accident (see Commender v Strathmore Ct. Home Owners Assn., 151 AD3d at 1015; Dottavio v Aspen Knolls Estates Home Owners Assn., 147 AD3d 910, 911; Badalbaeva v City of New York, 55 AD3d 764, 764-765; Torres v State of New York, 18 AD3d 739). Moreover, the location of the exposed tree root in relation to the picnic table was both open and obvious and, as a matter of law, not inherently dangerous (see Badalbaeva v City of New York, 55 AD3d at 765). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court